**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **RUNGRUDEE SUTEERACHANON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. RWT-15-03196** |
| | ) | |
| **MCDONALD'S RESTAURANTS OF** | ) | |
| **MARYLAND, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is McDonald's Motion for Costs and Fees Related to its Motions to Compel (EFC Nos. 28, 29) (the "Motion").  The Court has reviewed the Motion, related memoranda, and the applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court hereby **GRANTS** the Motion.

### I.     Background

Rungrudee Suteerachanon ("Plaintiff") brought this action against McDonald's Restaurants of Maryland, Inc. ("Defendant") under 42 U.S.C. §§ 2000e, *et seq.,* alleging employment discrimination on the basis of race, religion, and national origin.  Pl.'s Am. Compl. 1-2.  On February 1, 2016, Defendant served Plaintiff with written discovery requests.  Mot. 1.  Plaintiff responded to the discovery requests untimely and incompletely.  *Id*.  Defendant then filed a motion to compel Plaintiff's discovery responses on April 28, 2016.  *See* ECF Nos. 18 and 19.  The Court denied the motion to compel without prejudice and directed the parties to confer as required under Local Rule 104.7.  *See* ECF No. 22.  Defendant's counsel conferred with Plaintiff, but Plaintiff still failed to provide full responses to the discovery requests.  *Id*. at 2.  On

1

May 13, 2016, Defendant filed a renewed motion to compel.  *See* ECF Nos. 23 and 24.  The

Court directed Plaintiff to respond to the renewed motion to compel by May 25, 2016.  *See* ECF

No. 25.  On May 31, 2016, the Court granted the renewed motion to compel and ordered Plaintiff

to produce discovery responses within fourteen (14) days of the entry of the order.  *See* ECF No.

27.  The Court also ordered Defendant to file a motion, within fourteen (14) days of the entry of

the order, for attorney's fees and costs associated with the filing of the renewed motion to

compel.  *Id*.  On June 14, 2016, Defendant filed the Motion requesting $4,657.50 in attorney's

fees and $49.32 in costs.

## II.   Analysis

Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, sanctions are

mandatory.  Rule 37(a)(5)(A) provides that:

> [i]f the motion is granted - or if the disclosure or requested discovery is provided
> after the motion was filed - the court must, after giving an opportunity to be
> heard, require the party . . .  whose conduct necessitated the motion, the party or
> attorney advising that conduct, or both to pay the movant's reasonable expenses
> incurred in making the motion, including attorney's fees.

There are three exceptions to the mandatory sanctions: "(i) the movant filed the motion

before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified;

or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

37(a)(5)(A)(i)-(iii).

With regard to the first exception, the Court finds that Defendant made a good faith effort

to obtain the discovery without court action, as required under Rule 37(a)(5)(A)(i) and this

Court's Local Rule 104.7.  Defendant's counsel's affidavit details the attempts made to secure

discovery responses from Plaintiff, including their communication with Plaintiff as required under Local Rule 104.7.  *See* ECF No. 29-1.

With regard to the second exception under Rule 37(a)(5)(A)(ii), Plaintiff's lack of response and/or incomplete responses was not substantially justified.  A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'"  *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery."  *Kemp v. Harris*, 263 F.R.D. 293, 296-97 (D. Md. 2009) (citations omitted).  However, to avoid the imposition of costs, "parties must sufficiently argue that they were substantially justified in their actions."  *Id*. at 297 (citing *Humphreys Exterminating Co. v. Poulter*, 62 F.R.D. 392, 394 (D. Md. 1974)).  Plaintiff has not provided a justification, let alone a substantial one, as to why he failed to provide complete discovery responses.  Specifically, Plaintiff has not even responded to the Motion.  There is no evidence that there was a "genuine dispute" between the parties justifying Plaintiff's lack of response or incomplete responses.  There is no evidence that Plaintiff had "meritorious objections" to the requested discovery.  The record is clear that Plaintiff has failed to demonstrate that his failure to provide discovery responses was substantially justified.

Finally, with regard to the third exception identified in Rule 37, Plaintiff has not presented evidence of "other circumstances" that would "make an award of expenses

unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  Because none of the exceptions stated in

Rule 37(a)(5)(A) apply, and because Plaintiff has failed to meet his discovery obligations,

Defendant is entitled to a reasonable award of expenses and fees related to the filing of

the Motion to Compel filed on April 28, 2016 and the Renewed Motion to Compel filed

on May 13, 2016.[1]

### III.    Reasonableness of Fees

Courts determine the amount of attorney's fees to award by first calculating the

"lodestar figure."  *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.

2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).  The

lodestar figure equals the number of reasonable hours expended by counsel multiplied by

a reasonable hourly rate.  *Id.*  The Court examines twelve factors to determine the

"reasonable" hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered; (4) the
> attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for
> like work; (6) the attorney's expectations at the outset of the litigation; (7) the time
> limitations imposed by the client or circumstances; (8) the amount in controversy and
> the results obtained; (9) the experience, reputation and ability of the attorney; (10) the
> undesirability of the case within the legal community in which the suit arose; (11) the
> nature and length of the professional relationship between attorney and client; and
> (12) attorneys' fees awards in similar cases.

*See id.* at 243-44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*,

577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting the factors specified by *Johnson v. Ga.*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))).  The Court also relies upon the

Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the

---

[1] The Court finds, as Defendant asserts in the Motion, that the Renewed Motion to Compel was largely based on the Motion to Compel first filed on April 28, 2016.  Mot. 3, n.2.  Therefore, Defendant's counsel is entitled to fees and costs associated with both motions.

"Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

The Court finds *Johnson* factors one and nine most persuasive in evaluating the reasonableness of the fees requested. Factor one is relevant because Defendant's counsel spent significant time and effort in filing both motions to compel to obtain overdue discovery responses from Plaintiff. As to factor nine, the Court finds that Defendant's counsel had the requisite experience, skill, and ability to adequately represent their client's interests.

Defendant offers an affidavit and a detailed billing statement in support of the request for fees and costs. *See* ECF No. 29-1. The Court finds that the attorneys billed at a reasonable billing rate. Amanda C. Wiley, the lead attorney on the case who has approximately eleven (11) years of experience, is seeking to be compensated at an hourly rate of $350. This hourly rate is within the range found in the Guidelines for an attorney with her experience. Similarly, Alex C. Weinstein, local counsel on this matter, who has approximately three (3) years of experience, is seeking to be compensated at an hourly rate of $225. This hourly rate is within the range found in the Guidelines for an attorney with his experience. While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.

The Court also finds that the hours employed in the motions to compel were reasonable. Generally, the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) (citations omitted).

Those "records must specify, for each attorney, the date, the hours expended and the nature of the work done." *Id.* Here, the Court finds that Exhibit B to the Affidavit satisfies this burden. *See* ECF No. 29-1.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** the Motion and awards Defendant $4,657.50 in attorney's fees and $49.32 in costs.

July 15, 2016

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/yv

6